{¶ 1} This case is before the court sua sponte. It has come to the court's attention that there is no final judgment entry from which an appeal may be taken in this case and, therefore, this appeal must be dismissed.
 {¶ 2} This is a post-divorce case concerning the issues of college tuition and income tax deductions for the children of the parties. Each party filed a motion to show cause as to why the other should not be held in contempt for failure to follow the prior orders of the court. The judge referred these post-divorce issues to the magistrate.
 {¶ 3} Following a hearing on these motions, the magistrate announced his decision from the bench and ordered one of the attorneys to draft a journal entry reflecting his decision. The document was prepared and titled "Judgment Entry", approved by both attorneys, signed by Magistrate Richard Grubbe and by Judge Paul Moon, and entered on the court's journal on December 23, 2002. Defendant, Joseph A. Darr, filed a timely notice of appeal from this order. We find that the December 23, 2002 order is not final and appealable.
 {¶ 4} Civ. R. 54(A) states that, "`Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code. A judgment shall not contain a recital of the pleadings, the magistrate's decision in a referredmatter, or the record of prior proceedings." Because the December 23, 2002 judgment contains the magistrate's decision it is, by definition, not a final order.
 {¶ 5} In Sabrina J. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, this court held:
 {¶ 6} "[A]n order of a trial court which merely adopts a magistrate's decision and enters it as the judgment of the court is not a final appealable order. *** [T]o be final, an entry of judgment by the trial court pursuant to Civ. R. 53(E)(4) must:
 {¶ 7} "1. pursuant to [Civ. R. 53(E)(4)] (b), `adopt, reject or modify' the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate,
 {¶ 8} "2. state the outcome *** and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry, and,
 {¶ 9} "3. be a document separate from the magistrate's decision."
 {¶ 10} There is no document in the record of this case that complies with these requirements.
 {¶ 11} Civ. R. 53 governs the procedure to be followed when a judge refers a case to the magistrate. The rule states in pertinent part:
 {¶ 12} "Civ. R. 53. Magistrates
 {¶ 13} "(A) Appointment. A court of record may appoint one or more magistrates who shall be attorneys at law admitted to practice in Ohio. ***.
 {¶ 14} "***
 {¶ 15} "(3) Power to enter orders.
 {¶ 16} "(a) Pretrial orders. Unless otherwise specified in the order of reference, the magistrate may enter orders without judicial approval in pretrial proceedings under Civ. R. 16, in discovery proceedings under Civ. R. 26 to 37, temporary restraining orders under Civ. R. 75(I), in hearings under Civ. R. 75(N), and other orders as necessary to regulate the proceedings.
 {¶ 17} "***
 {¶ 18} "(E) Decisions in referred matters. *** Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:
 {¶ 19} "(1) Magistrate's decision. *** The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys.
 {¶ 20} "***
 {¶ 21} "(3) Objections.
 {¶ 22} "(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 {¶ 23} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
 {¶ 24} "(4) Court's action on magistrate's decision.
 {¶ 25} "(a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 {¶ 26} "(b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
 {¶ 27} "(c) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days."
 {¶ 28} This rule, coupled with Civ. R. 54(A), does not allow a combined judgment entry signed by both the magistrate and the judge such as the one in this case. There must be a separate magistrate's decision, Civ. R. 54(E)(1). The correct procedure to be followed after the magistrate signs his or her decision is as follows.
 {¶ 29} When a magistrate makes a decision, it is to be filed and served on the parties pursuant to Civ. R. 53(E)(1). As previously stated, this did not happen in this case. Then, pursuant to Civ. R. 53(E)(4)(a-c), following filing of a magistrate's decision, the judge must take one of four courses of action:
 {¶ 30} 1. Wait 14 days and, if no objections are filed, adopt,reject or modify the magistrate's decision and enter judgment accordingly. (A valid entry of judgment is, for example, "The court adopts the magistrate's decision. Plaintiff is granted judgment in the amount of $6,000. Defendant has the right to claim the children of the parties as dependents for tax purposes in 2002. Plaintiff's request for attorney fees is denied. Costs assessed to plaintiff and defendant in equal shares. It is so ordered.") When this order is journalized pursuant to Civ. R. 58(A), it is a final judgment entry which must be served upon the parties pursuant to Civ. R. 58(B).
 {¶ 31} 2. Wait for objections for 14 days from the date of the magistrate's decision. If objections are filed, the judge must (a) rule on the objections, (b) adopt, reject or modify the magistrate's decision and, (c) enter judgment accordingly. (A valid entry of judgment is, for example, "The objections to the magistrate's decision are denied. The court adopts the magistrate's decision. Plaintiff is granted judgment in the amount of $6,000. Defendant has the right to claim the children of the parties as dependents for tax purposes in 2002. Plaintiff's request for attorney fees is denied. Costs assessed to plaintiff and defendant in equal shares. It is so ordered.") When this judgment is journalized pursuant to Civ. R. 58(A), it is a final judgment entry which must be served upon the parties pursuant to Civ. R. 58(B).
 {¶ 32} 3. Before the fourteen-day objection period expires, the judge may adopt, reject or modify the magistrate's decision and enter judgment accordingly. When this judgment is journalized pursuant to Civ. R. 58(A) it is a final judgment entry which must be served upon the parties pursuant to Civ. R. 58(B). However, if timely objections are filed, execution of the final judgment is stayed until the judge disposes of the objections and "vacates, modifies, or adheres to the [court's] judgment [which adopted the magistrate's decision] previously entered." Civ. R. 53(E)(4)(c).
 {¶ 33} 4. If the judge determines that immediate relief is justified, the judge may immediately make an interim order adopting the magistrate's decision without waiting for objections to be filed. This order must comply with Civ. R. 54(B), be journalized pursuant to Civ. R. 58(A), and be served upon the parties pursuant to Civ. R. 58(B). This interim order is valid for 28 days and execution of the order is not stayed by the timely filing of objections. At the end of the 28 days, the judge must do one of the following:
 {¶ 34} a. Extend the interim order for one more 28 day period.
 {¶ 35} b. If no objections to the magistrate's decision are filed, the judge may adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ. R. 58(A), this is a final judgment entry which must be served upon the parties pursuant to Civ. R. 58(B).
 {¶ 36} c. If objections to the magistrate's decision are filed, the judge shall rule on the objections and adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ. R. 58(A), this is a final judgment entry which must be served upon the parties pursuant to Civ. R. 58(B).
 {¶ 37} In the instant case, there is no separate document signed by the judge that states the outcome of the post-divorce motions and contains an order by the judge which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry. Thus, there is no final order.
 {¶ 38} In the interest of judicial economy, it is ordered that this case is remanded to the Ottawa County Court of Common Pleas, Domestic Relations Division, for a period of 20 days from the date of this decision and judgment entry, to allow the judge time to enter a final judgment that complies with Civ. R. 54(A) and Sabrina J. v. RobbinC., supra. The clerk of the Ottawa County Court of Common Pleas, Domestic Relations Division, shall notify this court when such ruling has been made and entered on the journal. It is so ordered.
CASE REMANDED.
Handwork, P.J., Knepper and Singer, JJ., concur.